IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-89

DONLEY WATKINS, JR., and CAROL WATKINS ,

    Plaintiffs,

vs.

CHRISTINA ANN LANDERYOU
LAW OFFICES OF DANIEL A. GREGORY, P.C., d/b/a GREGORY, GOLDEN & LANDERYOU ATTORNEYS AT LAW, a Colorado Professional Corporation, and GREGORY, GOLDEN & LANDERYOU, LLC, a Colorado Limited Liability Corporation

    Defendants.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Come Now Plaintiffs Donley Watkins, Jr. and Carol Watkins, by and through counsel, Anthony Viorst, the Viorst Law Offices, P.C. and for their complaint against the above-named Defendants state as follows:

## CERTIFICATION

Undersigned counsel certifies, pursuant to C.R.S. §13-20-602(3), that: (a) he has consulted with an attorney with expertise in the area of the alleged negligent conduct as set forth in Plaintiff's complaint; (b) the attorney who has been consulted has reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiff's complaint; (c) based upon such facts, this attorney has concluded that the filing of the claims in the instant case does not lack substantial justification within the meaning of C.R.S. §13-17-102(4).

## I. JURISDICTION AND VENUE

1. This action arises under the laws of the State of Colorado.

2. Diversity jurisdiction exists, pursuant to diver, as all of the parties are residents of different states, and the amount in controversy exceeds $75,000.00.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). All of the acts and omissions of Defendants causing the injuries herein alleged occurred within the State and District of Colorado.

## II. GENERAL ALLEGATIONS

4. Plaintiffs Donley Watkins, Jr., and Carol Watkins, husband and wife, are residents of New Mexico, residing at 120 N. Church Ave., Aztec, NM 87410.

5. Defendant Christina Ann Landeryou ("Landeryou") is a Colorado attorney, practicing in Durango, Colorado, at the law firm of Gregory, Golden & Landeryou, LLC. From 2004 to 2009, Landeryou was employed at the Law Offices of Daniel A. Gregory, P.C., d/b/a Gregory, Golden & Landeryou, Attorneys at Law, in Durango, Colorado.

6. The law firm of Gregory, Golden & Landeryou, LLC is a Colorado limited liability corporation with it principal place of business in Durango, Colorado. The law firm of Gregory, Golden & Landeryou, LLC, is vicariously liable for the negligent work-related acts of its employees, including but not limited to Landeryou, Kenneth S. Golden, Esq., and Daniel A Gregory, Esq.

7. The Law Offices of Daniel A. Gregory, P.C., d/b/a Gregory, Golden & Landeryou Attorneys at law, is a Colorado professional corporation with its principal place of business in Durango, Colorado. The Law Offices of Daniel A. Gregory, d/b/a Gregory, Golden &

Landeryou Attorneys at Law, is liable for the negligent work-related acts of its employees, including but not limited to Landeryou, Kenneth S. Golden, Esq., and Daniel A. Gregory, Esq.

8. In August of 2004, Plaintiffs hired Landeryou and her law firm to take the steps necessary to effectuate the sale of Plaintiffs' business, Durango Air Service, Inc., to a man named Rick Close ("Close") and his company, New Timberline Aviation, LLC, for approximately $1.8 million.

9. It was agreed by the parties to the sale that Close and his company would pay approximately for $1.45 million in cash, and that Plaintiffs would carry back the remainder as a $350,000.00 loan, to be repaid with interest. This loan was effectuated by three documents, prepared by Landeryou, and denominated as the Stock Pledge Agreement, the Stock Purchase Agreement, and the Guaranty Agreement.

10. Under the Stock Pledge Agreement, shares of common stock in Durango Air Service, Inc. were generated, and Plaintiffs were granted a security interest in that common stock.

11. Under the Stock Purchase Agreement, Close's company agreed to pay the $350,000.00 loan proceeds, plus interest, in exchange for the shares common stock. It was further agreed that the shares of common stock would be held in escrow until the loan and interest were fully paid. It was further agreed that Close's company would make monthly payments of $4,859.35 to Plaintiffs, until the loan was fully paid.

12. Under the Guaranty Agreement, Close personally guaranteed that the $350,000.00 loan, plus interest, would be repaid.

13. None of the agreements prepared by Landeryou, and executed by the parties to the sale of Durango Air Service, Inc., gave Plaintiffs a security interest in the airplanes and other equipment owned by Durango Air Service, Inc. Following the sale of Durango Air Service, Inc., Rick Close and his company undertook to sell all of the airplanes and other equipment to third parties.

14. Close's company made the monthly payments for approximately five years. Beginning in August of 2009, when approximately $175,000.00 was still owing on the loan, Close's company defaulted on the loan. At that time, although the majority of Durango Air Service's airplanes and other equipment had been sold to third parties, some still remained.

15. At the recommendation of Landeryou, Plaintiffs agreed to modify their earlier agreement with Close and his company. On March 1, 2010, the parties to the sale of Durango Air Service, Inc. executed a modification of their 2004 agreements, which had the effect of reducing the monthly payments made by Close's company. The modified agreement, like the original agreements, was prepared by Landeryou. Like the original agreements, the modified agreement failed to give Plaintiffs in any of the airplanes or other equipment owned by Durango Air Service, Inc. Following the execution of the modified agreement, Close and his company failed to make any additional payments on the loan, and sold the remainder of Durango Air Service's airplanes and equipment to third parties.

16. Thereafter, Landeryou advised Plaintiffs that they could recover the sums owed by suing Close's company, as well as Close personally under the Guaranty agreement. At Landeryou's request, her law partner, Kenneth Scott Golden ("Golden"), an employee of the law firm of Gregory, Golden & Landeryou, LLC, agreed to file a lawsuit against Close and his

4

company. The initial complaint, seeking to recoup the remainder of the loan proceeds/purchase price owed to Plaintiffs, was filed against Close and New Timberline Aviation, LLC, in La Plata County, in July of 2010. An amended complaint was filed by Golden in September of 2011, and served on Close in October of 2011. Close failed to answer the amended complaint, and in March of 2012 the La Plata County District Court entered a default judgment, in the amount of $172,481.17 principal, and $37,598.73 interest.

17. Neither Landeryou nor anyone else at her law firm ever apprised Plaintiffs that they could have prepared contracts that granted Plaintiffs a security interest in the airplanes and other equipment owned by Durango Air Service.

18. In July of 2013, Plaintiffs retained an attorney in Texas, Close's state of residence, to collect on the judgment. After employing the Texas attorney, Plaintiffs learned, for the first time, that Defendants had committed legal malpractice by failing to prepare contracts which gave Plaintiffs a security interest in the airplanes and other equipment owned by Durango Air Service, Inc. Plaintiffs also learned, in July of 2013, that due to Close's limited financial resources, the judgment against him is un-collectible.

### III. FIRST CLAIM FOR RELIEF
(Legal Malpractice – All Defendants)

19. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

20. From August of 2004 until March of 2012, Plaintiffs were represented by Landeryou and her law firm.

21. With respect to their care and treatment of Plaintiffs, Landeryou and her law firm owed Plaintiffs a duty to exercise that degree of care, skill, caution, diligence and foresight

exercised by and expected of reasonable lawyers. Landeryou and her law firm deviated from that standard and were negligent in the following ways:

      A.    Failure to prepare an initial contract for the sale of Durango Air Service, Inc., which gave Plaintiffs a security interest in the airplanes and other equipment owned by Durango Air Service, Inc.

      B.    Failure to prepare a modified contract for the sale of Durango Air Service, Inc., which gave Plaintiffs a security interest in the airplanes and other equipment owned by Durango Air Service, Inc.

22. Plaintiffs did not become aware of Defendants' negligence, or that this negligence had caused them harm, until July of 2013.

23. As a direct and proximate result of the conduct of Landeryou and her law firm, Plaintiffs suffered monetary damages of at least $172,481.17 principal, and $37,598.73 in interest.

WHEREFORE, Plaintiffs pray for compensatory damages in favor of the Plaintiffs and against the Defendants in an amount to be determined by the trier of fact, pre-judgment interest, post-judgment interest, expert witness fees, filing fees, deposition expenses, and for such other and further relief as this Court may deem appropriate, including all costs.

Date this 10th day of January, 2014.

**THE VIORST LAW OFFICES, P.C.**

[*Original signature on file at the Viorst Law Offices, P.C.*]


By: /s/ *Anthony Viorst*
    The Viorst Law Offices, P.C.
    950 S. Cherry Street, Suite 300
    Denver, CO 80246
    (303) 759-3808
    Attorneys for Plaintiffs

**Plaintiffs' Address:**
120 North Church Avenue
Aztec, NM 87410